# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CELESTE RICE, | ) |
| Plaintiff, | ) 2:13-cv-347 |
| vs. | ) |
| JOHN KOBIALKA, VICTOR ROCCA and ROCCA'S ITALIAN FOODS | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANTS' PARTIAL MOTION TO DISMISS (ECF No. 8), filed by John Kobialka ("Kobialka"), Victor Rocca ("Rocca"), and Rocca's Italian Foods ("Rocca's") with brief in support (ECF No. 9). Plaintiff Celeste Rice ("Rice" or "Plaintiff") filed a brief in opposition (ECF No. 14). Accordingly, the motion is ripe for disposition.

### I.  Background

As the law requires, all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party. The following background is drawn from the Complaint, and the factual allegations therein are accepted as true for the purpose of this opinion.

Beginning in early June 2011, Defendant Rocca's Italian Foods employed Plaintiff as a packer in its facility where she was the only black employee.[1] Plaintiff's supervisor at Rocca's was Defendant John Kobialka, a white male; Kobialka's supervisor at the company was Defendant Victor Rocca, head of Rocca's Italian Foods. The events leading up to the Complaint began almost immediately after her employment commenced.

---

1. The Complaint identifies Plaintiff as a "black female" and alleges that she was the only black employee working at Rocca's throughout her entire term with the company. Pl.'s Compl., ECF No. 1, ¶¶ 2, 6.

Within her first week at Rocca's, Kobialka allegedly began a campaign of discrimination against Plaintiff based on her color and sex through the use of epithets and innuendo. For example, Kobialka apparently quipped that Plaintiff was promiscuous, referred to her as "ghetto booty," "sister sledge," and "Shananay," and made sexual gestures while leering at her. Notwithstanding the claimed verbal harassment, the Complaint also references at least one physical altercation: "[o]n a third occasion, while Ms. Rice was facing some boxes, Kobialka came up behind [her] and proceeded to grind his butt against her butt in an imitation of a sexual dance." Pl.'s Compl., ECF No. 1 at 2-3, ¶ 17.

According to Plaintiff, she repeatedly demanded that Kobialka cease the discriminatory conduct referenced and continually complained about his inappropriate behavior to Rocca. Plaintiff's efforts were not, however, fruitful in bringing an end to the so-called campaign; Kobialka consistently ignored her objections while Rocca initially snubbed her repeated overtures for a shift-change. Instead, Rocca allegedly "needed a few days to think about the situation" and kept Plaintiff off the work schedule until his decision was made. A few days later, Rocca asked Plaintiff to turn in her keys and never again scheduled her to work despite the exemplary service she claims to have performed for the company.

After Plaintiff's approximate five month employ with Rocca's ended in November 2011, she timely filed a telephonic charge of racial and sexual discrimination with the Pennsylvania Human Relations Committee ("PHRC) and cross-filed the charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff received her Right-to-Sue Letter from the EEOC in late December 2012. This lawsuit followed.

Plaintiff commenced this action on June 24, 2013 in which she sets forth employment discrimination claims and a common law tort action. More specifically, Plaintiff avers the

2

following counts: (1) discrimination on the basis of color and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") against Kobialka, Rocca, and Rocca's; (2) hostile work environment in violation of Title VII against Kobialka, Rocca, and Rocca's; (3) discrimination on the basis of color and sex in violation of the Pennsylvania Human Relations Act, 42 P.S. §§ 951, *et seq.* ("PHRA") against Kobialka, Rocca, and Rocca's; (4) hostile work environment in violation of the PHRA against Kobialka, Rocca, and Rocca's; and (5) common law battery against Kobialka. Defendants have filed a partial motion to dismiss to which the Court now turns.

## II.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the

3

plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Generally, Defendants advance four requests in the partial motion to dismiss. First, Defendants ask the Court to strike Plaintiff's claim for punitive damages under the PHRA as improper. Second, the Individual Defendants move the Court to dismiss the Title VII claims asserted against them in their individual capacity. Third, Defendant Kobialka argues that the Court must dismiss the PHRA claim against him for failure to exhaust administrative remedies.

Fourth, Defendant Kobialka submits that the Court should decline to exercise supplemental jurisdiction over the battery claim.

Plaintiff stipulates to the dismissal of the individual Title VII claims against Kobialka and Rocca at Counts One and Two, as well as the striking of her claim for punitive damages at Counts Three and Four. *See generally Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) (holding that there is no individual liability under Title VII); *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 749 (Pa. 1998) ("While punitive damages also serve to deter, simply put, we do not consider punitive damages to be consistent with the remedial nature of the [PHRA]."). *C.f.* Garcia v. Newtown Twp.*, 819 F. Supp. 2d 416, 428 n.9 (E.D. Pa. 2011), *aff'd*, 483 F. App'x 697 (3d Cir. 2012) ("Individual employees may not be held liable under Title VII . . . nor under the PHRA, except that an individual employee may be subject to liability under the PHRA if he or she aids or abets an unlawful discriminatory act.") (citations omitted). Plaintiff does, however, oppose the remaining two challenges raised by Defendants. The Court will address those contentions seriatim.

    A.  <u>Exhaustion of Administrative Remedies</u>

Defendant Kobialka moves the Court to dismiss all claims against him for failure to exhaust administrative remedies because Plaintiff did not name him as a Respondent in her EEOC/PHRA charge. Relying on a recent decision by this Court, Kobialka argues that he was prejudiced due to his absence from the administrative process. *See Meyers v. California Univ. of Pennsylvania*, 2:12-CV-1258, 2013 WL 795059 (W.D. Pa. Mar. 4, 2013) (dismissing discrimination claims for failure to exhaust administrative remedies when Plaintiff failed to name individual defendants as Respondents in his EEOC/PHRA charge).

Plaintiff attempts to excuse her failure to name Kobialka as a Respondent by invoking an exception to the administrative requirement: "when 'the unnamed party received notice' of the charge." Def.'s Resp. in Opp., ECF No. 14 at 3-4 (citing *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243 (3d Cir. 1990); *Glus v. G. C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *vacated on other grounds sub. nom.*, *Retail, Wholesale & Dep't Store Union, AFL-CIO v. G.C Murphy Co.*, 451 U.S. 935 (1981)). Relying on this exception, Plaintiff submits that the language of the charge itself sufficiently put Kobialka on notice because he is featured prominently in the body of the charge and his alleged discriminatory conduct is clearly enumerated. The Court cannot agree.

When filing an administrative charge with the PHRC, Pennsylvania law requires that a plaintiff provide the name and address of the respondent alleged to have committed the unlawful discriminatory practice of which a plaintiff complains. 43 Pa. Stat. Ann. § 959 (West). Noncompliance with the applicable procedures will generally bar a later claim. *See, e.g.*, *Hajzus v. Peters Twp. Sch. Dist.*, 2:06CV1401, 2007 WL 917082 (W.D. Pa. Mar. 23, 2007); *see Schafer*, 903 F.2d at 251-52 ("A Title VII action ordinarily may be brought only against a party previously named in an EEOC action.") (citing 42 U.S.C. § 2000e-5(f)(1)).

Nevertheless, the United States Court of Appeals for the Third Circuit "recognizes an exception when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer*, 903 F.2d at 252 (citing *Glus*, 629 F.2d at 251). *See Owens v. Allegheny Valley Sch.*, 869 F. Supp. 2d 653, 659 (W.D. Pa. 2012) ("The appeals court has interpreted 'received notice' to mean that the unnamed party had actual notice knowledge of the EEOC complaint.") (citing, *inter alia*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127–28 (3d Cir. 1985)); *see also Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 764 (E.D. Pa. 2005)

7

("[T]o find that [the defendant] received notice, the Court must find that [it] actually knew that a charge with the EEOC had been filed."). In *Glus v. G.C. Murphy Co.*, our court of appeals identified four factors to consider when deciding whether a party not named in a charge can nonetheless be named as a litigant in a subsequent civil suit: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. 629 F.2d at 251 (citation omitted). "This four-prong test is not a mechanical one; no single factor is decisive." *Id.*

The Court concludes that Plaintiff has failed to exhaust her administrative remedies as to Kobialka. Plaintiff's Charge cites only Rocca's as the Respondent and references Kobialka solely in the body of the filing, although with some degree of frequency. Nonetheless, the Court declines to hold that the language of the Charge itself provided Kobialka with the requisite notice particularly when the record fails to indicate that he received *actual* notice of the accusations set forth therein. Indeed, the record suggests that the instant federal Complaint was the first notice to Kobialka that he was being sued for the discriminatory conduct alleged.

Similarly, none of the *Glus* factors weigh in favor of a finding that Kobialka shares a commonality of interest with the named entity.[2] Kobialka was Plaintiff's immediate supervisor, so the latter knew his role and could have easily named him as a Respondent in addition to Rocca's Italian Foods. The interests of obtaining voluntary conciliation of Rocca's (presumably a privately held company) and Kobialka (simply an individual employee of that entity) are not so similar that it was unnecessary to specifically include him in the administrative process. Kobialka was instead actually prejudiced due to his absence from the administrative process because he was deprived of the opportunity to informally resolve the claims Plaintiff now asserts. Likewise, there is no allegation that Kobialka represented to Plaintiff that he should be contacted only through Rocca's.

Accordingly, Plaintiff's claim under the PHRA against Defendant Kobialka will be dismissed.

B. <u>Supplemental Jurisdiction</u>

Defendant Kobialka's remaining position is that the Court should decline to exercise supplemental jurisdiction over the common law battery claim. Aside from a single citation to an unpublished decision by our court of appeals, the only argument advanced by this Defendant is that the absence of any claim giving the Court original jurisdiction over Kobialka compels this result.

Not surprisingly, Plaintiff disagrees with the position taken by Kobialka. Plaintiff focuses her attention on the Title VII action asserted against Rocca's, arguing that exercising supplemental jurisdiction is proper because Kobialka's purported battery forms a basis for the

---

2. Counsel for Defendants does not assert that the Court should dismiss Defendant Rocca on this basis even though he is not named as a Respondent. Arguably, the facts of this matter would weigh in favor of the same exception applicable to Rocca, the owner of the entity Defendant.

remaining claims. Plaintiff further invokes notions of judicial economy, convenience, and fairness to the litigants to support her position.

Jurisdiction over supplemental state law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court has discretion to decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) [it] has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

None of these factors are present in this case at this juncture. The state law battery claim hardly raises a novel or complex issue of state law; rather, it presents a textbook cause of action sounding in Pennsylvania tort law when accepting the averments of the Complaint as true as the Court must at this stage. The battery claim also does not substantially predominate over the Title VII action (although the state law actions as a whole outnumber the lone federal count) but instead tangentially relates to the surviving causes of action. *C.f. Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) ("The 'substantially predominate' standard, however, is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts. An analysis more sensitive to the relevant interests is required."). The Court likewise has not dismissed all claims over which it has original jurisdiction and does not find any exceptional circumstances that warrant dismissal. *See* 16 MOORE'S FEDERAL PRACTICE, § 106.66 (3d ed. 2000) ("If a defendant faces only state claims,

the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present."); *see also id.* at n.6 (collecting cases). Accordingly, the Court will continue to exercise supplemental jurisdiction over this common law battery claim.

## IV. Conclusion

For the reasons hereinabove stated, the partial motion to dismiss will be granted in part. Accordingly, the surviving causes of action in this case are as follows: (1) discrimination on the basis of color and sex in violation of Title VII against Rocca's; (2) hostile work environment in violation of Title VII against Rocca's; (3) discrimination on the basis of color and sex in violation of the PHRA against Rocca and Rocca's; (4) hostile work environment in violation of the PHRA against Rocca and Rocca's; and (5) common law battery against Kobialka.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CELESTE RICE, | ) <br> ) <br> ) |
| Plaintiff, | ) 2:13-cv-347 <br> ) |
| vs. | ) <br> ) |
| JOHN KOBIALKA, VICTOR ROCCA and ROCCA'S ITALIAN FOODS | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## ORDER OF COURT

AND NOW, this 10th day of July 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANTS' PARTIAL MOTION TO DISMISS (ECF No. 8) is **GRANTED IN PART** as follows: (1) the individual Title VII claims against Defendants John Kobialka and Victor Rocca at Counts One and Two are **DISMISSED WITH PREJUDICE**; (2) the relief for punitive damages sought at Counts Three and Four are **STRICKEN**; and (3) the PHRA claims as to Defendant John Kobialka at Counts Three and Four are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     Alexander H. Lindsay, Jr.
        Email: Michele@lindsaylawfirm.com
        Lisa M. Henry
        Email: lisa@lindsaylawfirm.com

        Charles H. Saul
        Email: csaul@margolisedelstein.com